IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA LISA HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-201-GMS |
| | ) |
| STANLEY TAYLOR, PAUL HOWARD, | ) |
| WARDEN ROBERT GEORGE, | ) |
| CPL. COVERDALE, and AFFAIRS | ) |
| OFFICER MICHAEL TIGUE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff Mona Lisa Harrison ("Harrison"), a prisoner incarcerated at the Delores J. Baylor Women's Correctional Institute ("BWCI"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. She appears *pro se* and proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 8.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the access to the courts claim and the claims against Stanley Taylor ("Taylor"), Paul Howard ("Howard"), Warden Robert George ("Warden George"), and Affairs Officer Michael Tigue ("Tigue") are dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.      THE COMPLAINT**

Harrison raises two claims in her complaint. She first alleges that on March 20, 2006, the law librarian denied her access to the law library despite a looming appellate case. She next

alleges that on February 20, 2006, she was subjected to an illegal search by the defendant Cpl. Coverdale ("Coverdale") . The incident occurred when Harrison, along with other inmates, was picking up trash on the highway, and Coverdale observed some inmates exchange something. Harrison alleges that while on the highway, in front of houses, and with traffic coming and going, Coverdale required her to pull down her pants and raise up her shirt, exposing herself to the public.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

alleges that on February 20, 2006, she was subjected to an illegal search by the defendant Cpl. Coverdale ("Coverdale") . The incident occurred when Harrison, along with other inmates, was picking up trash on the highway, and Coverdale observed some inmates exchange something. Harrison alleges that while on the highway, in front of houses, and with traffic coming and going, Coverdale required her to pull down her pants and raise up her shirt, exposing herself to the public.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Law Library Access

Harrison alleges the she was denied her right to access the courts under the First Amendment when the law librarian at BWCI did not provide her appropriate access to the law library. Persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. However, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).

Harrison identifies the date, time, and place of the alleged constitutional violation. Harrison also alleges that the law librarian at BWCI did not provide her with access to the law library, however, she does not identify this person. Several defendants are named in the "Parties" section of the complaint, but none of them appear to be connected with the law library at BWCI. As it stands now, the complaint does not adequately identify who allegedly deprived Harrison of

3

her right to access the courts. Accordingly, the access to the courts claim is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Harrison, however, is given leave to amend the complaint.

### B.  Personal Involvement

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Harrison names Taylor, Howard, Warden George, and Tigue as defendants in the "Parties" section of the complaint. Yet the complaint contains no allegations against these defendants, and Harrison provides no facts to support any claim against them. Consequently, the claims against Taylor, Howard, Warden George, and Tigue lack an arguable basis in law or in fact. As a result, these claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV.  MOTION FOR APPOINTMENT OF COUNSEL

Harrison also requests the court to appoint of counsel. (D.I. 10.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to appointed counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within the court's discretion to seek representation by counsel for Harrison "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and

law).

This case is in its initial stages and service has not yet been effected. It is this court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Based upon the foregoing, the motion for appointment of counsel (D.I. 10) will be denied without prejudice, with leave to refile following service of the complaint.

## V.     CONCLUSION

For the above stated reasons the motion for appointment of counsel will be denied. Additionally, the court dismisses the access to the courts claim for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Harrison, however, will be given leave to amend the complaint. Also, the defendants Stanley Taylor, Paul Howard, Warden Robert George and Affairs Officer Michael Tigue will be dismissed as the claims brought against them are frivolous. Finally, the complaint raises what appears at this point to be a cognizable Fourth Amendment claim against Coverdale. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

June 22, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA LISA HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-201-GMS |
| | ) |
| STANLEY TAYLOR, PAUL HOWARD, | ) |
| WARDEN ROBERT GEORGE, | ) |
| CPL. COVERDALE, and AFFAIRS | ) |
| OFFICER MICHAEL TIGUE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 22nd day of June, 2006, for the reasons set forth in the Memorandum issued this date, IT IS HEREBY ORDERED that:

1. Harrison's motion for appointment of counsel (D.I. 10) is DENIED WITHOUT PREJUDICE with leave to refile following service of the complaint.

2. Harrison's claims against the defendants Stanley Taylor, Paul Howard, Warden Robert George and Affairs Officer Michael Tigue are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as frivolous.

3. Harrison's access to the courts claim is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Harrison is given leave to file an amended complaint as to this claim. The amended complaint shall be filed within **30 days** from the date of this order.

4. The court has identified what appears at this point to be a cognizable Fourth

Amendment claim against the defendant Cpl. Coverdale.

5.	If an amended complaint is not filed within the time allowed, then the case will proceed on the original complaint (D.I. 1) against Defendant Cpl. Coverdale.

                                                                                                  UNITED STATES DISTRICT JUDGE