Mona Lisa Harrison

    Plaintiff,

v.

Cpl Coverdale
and Supervisor George
O'Connor

    Defendants.

Civ. No. 06-201-GMS



FILED
OCT 10 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
Scanned

## Notice To Amend

    This is to amend or add to an already existing civil case. On October 2, 2006, I sent several grievance to the Bureau Chief Mr. Paul Howard. This being my second letter to him about the problem(s). I had waited for six weeks in between letters to give them the chance to fix the situations.

    First, it was in regards to the females in Maximum Security, not being able to get outside for recreation - their one hour per day. This is what we are intitled to. Then it was in regards to our so called grievance proceedure. The grievance officer throws away grievances instead of telling residents the situation isn't grievable. They keep grievance for three, sometimes four months. The time they have to answer is no longer than 30 days. They do not have an inmate grievance Committee. Which is also a requirment.

    The last being, we have a gymnasium in which we can not use. They have church services in the gymnasim and we are forced to chose either church are nothing. The State

Page

and the church seperated some months ago. The State can not force us to go to church but, they should have some other activities other than church.

The ones that are named in this situation are as noted: Bureau Chief Paul Howard, Warden Patrick Ryan and Treatment Administrator Collen Shotzberger. I also want it said that Mrs. Shotzberger made it a point to threaten to me that — well, I have enclosed what she stated to me. I would like the court to know that, I'am currently in a Mental Health Unit and I have been here for seven to eight months. I do not sit here and do nothing. I will also be going to the Key/Village to finish up the treatment I do need.

It is clear that this Institution would rather sweep all their problem under the carpet — rather than fix them. I do not get any disciplinary infractions and I do as I'am asked. The negative pattern of behavior she mentioned in the letter, is the grievances I continue to write. All I want is fairness for myself and the other women in the Institution. If that is negative — then so be it.

*Mona Harrison*
Mona Harrison

Based on the fact that you were paroled from a life sentence, and have violated on at least three separate occasions, you really need to focus on your continued use of illegal and/or un-prescribed substances, and why you do not seem to be able to remain free.

No one is prohibited from exercising. While you may wish to have organized group activities in the gym, you may certainly exercise in your unit with others, or individually in your cell. There are many women who are incarcerated in every unit doing so. I believe that the inmates in the Key/Village do have organized exercise and recreational times outside. You also may want to rethink the kind of commissary items you are purchasing. You seem to order quite a lot of sugar/candy, cookies, donuts, cinnamon buns/rolls, potato chips, Swiss rolls, and soda. Since you indicated wanting to be physically active and healthy, these items contradict your complaint. Since you are a substance abuser, you also should be cautious of substituting one addiction for another: food, caffeine, chocolate, sugar, etc. may be addicting as well.

Razors are not permitted here and are considered dangerous for a variety of reasons. However, if you are breaking out from the depilatories after following the application directions appropriately, I suggest that you speak with one of the medical staff to determine whether or not you have skin sensitivity.

Since you are not working, going to school or involved in programming other than the Harbor, you are doing little or nothing to help yourself. It is doubtful that the Board of Parole, or institution staff, would vote favorably for any relief from your current sentence. I noticed that you have written to the Board of Parole twice for an early hearing review. They denied your requests. If you wish to have an opportunity to be paroled again, you need to begin by demonstrating "exceptional rehabilitation". There is no evidence on this incarceration that you have addressed your substance abuse or initiated program/work assignments, other than culinary arts.

Rather than complain about the institution, the system, classification, and others, you need to focus your attention on yourself. You seem to have fallen into a negative pattern of behavior. On previous incarcerations, you were positive, eager to work and attend treatment programs.

You clearly have a repeated substance abuse problem that you have yet to address. Being removed from the Key/Village for lack of progress in the program and violation of institution rules is a clear indication of your unwillingness to address this issue. All of your returns to BWCI from parole supervision are related to your substance abuse. Against the background of a life sentence, numerous violations on community supervision and a very serious offense (Murder 2nd), you would be better served to stop finding fault elsewhere. You need to reflect your own shortcomings and why you cannot stop returning to prison. In addition to using illegal or non-prescribed drugs while under supervision, you also were arrested for new charges. Why?

If you ever wish to obtain support from any of the classification committees and the rehabilitation staff, for consideration for release back into the community, you need to demonstrate remorse, successfully complete a substance abuse treatment program, have a continuum of institution work, and not to incur disciplinary infractions (major/minor). You should be working toward a parole re-hearing in the future. There is no evidence that you are preparing yourself for the possibility of being re-paroled. You are fortunate that you are even entitled to a parole re-hearing, especially against so many violations. Many individuals with your type of offense are not eligible.

In closing, I strongly urge you to reconsider returning to the Key/Village, to obtain institution employment, and to become treatment/program active. Please reflect on what has caused you to become so negative and complacent. We care about you and want you to succeed, but ultimately it is up to you. I certainly wish you all the best.


cc: Paul W. Howard, Bureau Chief
   Patrick J. Ryan, Warden
   George O'Connor, Paralegal
   Cristina Mazzeo, Sr. Corr. Cnslr.
   Michael DiSalvo, Mental Health Supv.

Jennifer Pepe
600 Baylor Blvd
NewCastle, Delaware 19720

WILMINGTON DE 197
06 OCT 2006 PM 2 T

Office of the Clerk
United States District Court
844 N. King Street, LockBox 18
Wilmington, Delaware 19801-3570