IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA LISA HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-201-GMS |
| ) | |
| CPL. COVERDALE, WCI SUPERVISOR ) | |
| GEORGE O'CONNOR, and COLLEEN ) | |
| SHOTZBERGER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

**I.    BACKGROUND**

The plaintiff Mona Lisa Harrison ("Harrison"), a prisoner incarcerated at the Delores J. Baylor Women's Correctional Institute ("BWCI"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. She appears *pro se* and proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 8.) In screening the original complaint, the court dismissed the access to the courts claim, and also dismissed defendants Stanley Taylor, Paul Howard, Warden Robert George, and Affairs Officer Michael Tigue. (D.I. 15.) The court concluded that the complaint raised a cognizable Fourth Amendment claim against Cpl. Coverdale ("Coverdale"). Harrison was given leave to amend the complaint.

Harrison timely filed an amended complaint and a service order was entered on July 26, 2006, providing for service of the defendants Coverdale and George O'Connor ("O'Connor"). (D.I. 16, 17.) While the matter was pending service, Harrison filed a motion to amend the complaint. (D.I. 23.) In September, waivers of service were filed for the defendants Coverdale and O'Connor. (D.I. 26, 27.) On October 10, 2006, Harrison filed a document entitled, "notice

to amend." (D.I. 29.)

The complaint, amended complaint, and proposed amendments all contain similar and duplicative allegations. Hence, the court finds it necessary to discuss the claims in the various pleadings so there is no confusion on what claims will proceed and what claims are dismissed.

## II.  STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.  **DISCUSSION**

    A.    **Complaint**

The original complaint alleges that on March 20, 2006, the law librarian denied Harrison access to the law library despite a looming appellate case. (D.I. 1, ex.) The original access to the courts claim was dismissed and later reinstated when Harrison alleged that O'Connor was the individual who violated her constitutional rights. (D.I. 16.)

The second claim in the original complaint is that during the week of October 16 through the 20th (no year provided), Harrison was subjected to an illegal search by the defendant Coverdale. (D.I. 1, ex.) The incident occurred when Harrison, along with other inmates, was picking up trash on the highway, and Coverdale observed some inmates exchange something. Harrison alleges that while on the highway, in front of houses, and with traffic coming and going, Coverdale required her to pull down her pants and raise up her shirt, exposing herself to the public. Harrison filed a grievance on the matter on February 20, 2006.

    B.    **Amended Complaint (D.I. 16)**

Harrison filed an amended complaint in compliance with the court's June 22, 2006 order. (D.I. 15.) She clearly alleges that O'Connor is the individual who violated her constitutional right to access to the courts. In the caption of the amended complaint the BWCI Law Library and Ms. Colleen Shotzberger ("Shotzberger") are named as defendants. The amended complaint, however, contains no allegations against these two defendants.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The amended complaint lacks an arguable

basis in law or in fact as it contains no facts to support claims against the BWCI Law Library and Shotzberger. Therefore, the court will dismiss the claims raised against them in the amended complaint and will also dismiss them as defendants.

### B. Motions to Amend the Complaint (D.I. 23, 29)

On August 31, 2000, Harrison filed a motion to amend the complaint. (D.I. 23.) The proposed amended complaint contains the access to the courts claim against O'Connor. Harrison adds that she has written letters to the warden and deputy because she is not allowed to use the law library. (D.I. 23.) The last page of the filing is entitled "complaint" and contains the same unlawful search allegations set forth in the original complaint. As noted above, Harrison was allowed to proceed with this claim.

On October 10, 2006, Harrison filed a "notice to amend" which the court construes as a second motion to amend the complaint. (D.I. 29.) Harrison alleges that on October 2, 2006, she sent several grievances to Bureau Chief Paul Howard ("Howard") about problems she has encountered. Harrison alleges she complained to Howard that females in maximum security are not able to go outside for their daily hour of recreation. She next alleges that she complained to Howard that grievance officers do not address her grievances, and that the grievances are thrown away. She also complains that grievances are sometimes kept for four months before they are answered, and that there is no inmate grievance committee. Her last complaint is that she is unable to use the gymnasium for exercise because it is used for church services. Harrison alleges that the individuals responsible for the foregoing are Howard, Warden Patrick Ryan ("Warden Ryan") and Shotzberger.

Harrison also alleges that she was threatened by Shotzberger and attaches a

memorandum[1] as proof of the threats. The memorandum from Shotzberger, dated September 29, 2006, is in reference to "Numerous Letters (to me, the Warden, and Bureau Chief) and states that Harrison's letters were referred to Shotzberger for reply. (D.I. 29, ex.) The memorandum discusses the procedures for law library access, available exercise opportunities, and program opportunities.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v.*

---

[1] Page two of the memorandum is missing.

*Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

In the first proposed amendment (D.I. 23), the allegations against the warden and deputy warden fail to state a constitutional violation. The allegations are that Harrison "had to write copies of the letters to the Warden and Deputy Warden." (D.I. 23.) Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (quotes and cite omitted). "Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 514 (quotes and cite omitted); *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (*pro se* complaint may be dismissed for failure to state claim only if appears beyond doubt that plaintiff can prove no set of facts in support which would show entitlement to relief).

Harrison alleges her treatment at BWCI is unfair. When alleging that she was not called to the law library when others were, Harrison also alleges that she had to write copies of the letters to the warden and deputy warden. While not clear, it appears that she complains of having to make handwritten copies, something that does not rise to the level of a constitutional violation. This is the only statement that references the warden and the deputy warden in the proposed amendment. The proposed amendment (D.I. 23) is frivolous, and therefore, the court will deny the motion to amend.

As discussed above, Harrison filed a second motion to amend the complaint. (D.I. 29.) Harrison alleges that she sent several grievances to Howard about her "problems." Initially the

court notes that although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F.Supp.2d 751,761(E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser*, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson*, 886 F.Supp. 410, 418-419 (D. Del.), *aff'd* 74 F.3d 1226 (3d Cir. 1995). The proposed claim against Howard advances a claim that is legally insufficient on its face.

Similarly, the proposed allegations against Warden Ryan and do not advance claims that are legally sufficient on their face. After reciting her complaints, Harrison states, "the ones that are named in this situation are . . . Ryan . . . and Shotzberger." (D.I. 29, at 2.) Harrison also alleges that "Shotzberger made it a point to threaten" her. *Id.*

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Harrison provides no facts to support a claim against Warden Ryan. Moreover, it appears that he is sued solely based upon his supervisory capacity, and it is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Hence, the claims against Ryan lack an arguable basis in law or in fact and the court will dismiss them.

Similarly, Harrison does not adequately allege personal involvement on behalf of

Shotzberger. While Harrison alleges that Shotzberger "threatened her", the memo attached in support of this claim makes no threats. Rather, the memorandum gives Harrison advice on how to improve her situation while incarcerated. Based upon the foregoing, the court concludes that the proposed amendment against Shotzberger is frivolous.

Because the proposed amendment found at D.I. 29 is frivolous and legally insufficient on its face, the court will deny the motion to amend.

## V.   CONCLUSION

For the above stated reasons the court will dismiss the claims in the amended complaint (D.I. 16) against defendants BWCI Law Library and Colleen Shotzberger. The court will deny the motions to amend the complaint. (D.I. 23, 29.) The case will proceed on the complaint and amended complaint. (D.I. 1, 16.) An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Feb 9, 2007
Wilmington, Delaware

FILED
FEB 1 2 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA LISA HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-201-GMS |
| | ) |
| CPL. COVERDALE, WCI SUPERVISOR | ) |
| GEORGE O'CONNOR, and COLLEEN | ) |
| SHOTZBERGER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 9th day of Feb., 2007, for the reasons set forth in the Memorandum issued this date, IT IS HEREBY ORDERED that:

1. Harrison's claims in the amended complaint (D.I. 16) against the defendants the BWCI Law Library and Colleen Shotzberger are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as frivolous.

2. Harrison's motions to amend the complaint (D.I. 23, 29) are DENIED.

3. The case proceed on the claims in the complaint and amended complaint. (D.I. 1, 16.)

_____
UNITED STATES DISTRICT JUDGE



FILED

FEB 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE