IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA LISA HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-201-GMS |
| | ) | |
| CPL. COVERDALE and | ) | |
| GEORGE O'CONNOR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I.   BACKGROUND

The plaintiff, Mona Lisa Harrison ("Harrison"), is a prisoner incarcerated at the Delores J. Baylor Women's Correctional Institute ("BWCI") in Smyrna, Delaware.  She filed this lawsuit pursuant to 42 U.S.C. § 1983.  She appears *pro se* and proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 8.)  In screening the original complaint, the court concluded that the complaint raised a cognizable Fourth Amendment claim against Cpl. Coverdale ("Coverdale"), and Harrison was given leave to amend the complaint to include an individual personally responsible for the alleged civil rights violation of restricting her access to the courts. (D.I. 15.)  Harrison timely filed an amended complaint and a service order was entered on July 26, 2006, providing for service of the defendants Coverdale and George O'Connor ("O'Connor"). (D.I 16, 17.)

Presently before the court is the defendants' motion to dismiss. (D.I. 40.)  In their motion, defendants argue that the court should dismiss the case or grant summary judgment in their favor on the following points: (A) as a threshold matter, Harrison has not exhausted all available remedies available to her, pursuant to 42 U.S.C. §1997e (D.I. 41 at 2); (B) Harrison has not demonstrated that she was subjected to an unnecessary and unreasonable search (D.I. 41 at 6-8); (C) Harrison has not

demonstrated a denial of meaningful access to the courts (D.I. 41 at 4-5); and (D) defendants are immune to such a suit. (D.I. 41 at 8-10.) The court will deny defendants' motion for summary judgment, and grant leave for plaintiff to further amend her complaint.

## II.    STANDARD OF REVIEW

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (*citing Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Although the defendants filed a motion to dismiss, they have attached an extensive appendix containing materials outside of the pleadings to their submission. In opposition to this motion, Harrison has also submitted materials outside of the pleadings. For these reasons, the court will treat the pending motion to dismiss as one for summary judgment. *See Fed. Civ. P.* 12(b) (1999) (noting that a Rule 12(b)(6) motion can be converted into a motion for summary judgment when the parties attach materials outside of the pleadings to their papers); *see also Camp v. Brennan,* 219 F.3d 279, 280 (3d. Cir.2000) (stating that consideration of matters beyond the complaint converts a motion to dismiss into a motion for summary judgment); *Neal v. Kelly*, 963 F.2d 453, 455-56 (D.C.Cir.1992)

(emphasizing that the plaintiff must receive the opportunity to submit its own affidavits or other materials in opposition to the motion before it is converted into one for summary judgment) (citing *Lewis v. Faulkner,* 689 F.2d 100, 101 (7th Cir.1982)).

The court can grant summary judgment only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if, given the evidence, a reasonable jury could return a verdict in favor of the non-moving party. *See, e.g., Abraham v. Raso,* 183 F.3d 279, 287 (3d Cir.1999) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-51 (1986)); *Lloyd v. Jefferson,* 53 F. Supp. 2d 643, 654 (D. Del.1999) (citing same). A fact is "material" if it bears on an essential element of the plaintiff's claim. *See, e.g., Abraham,* 183 F.3d at 287; *Lloyd,* 53 F. Supp. 2d at 654. In deciding a motion for summary judgment, the court must look at the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving all reasonable doubts in favor of that party. *See, e.g., Pacitti v. Macy's,* 193 F.3d 766, 772 (3d Cir. 1999).

## III.    DISCUSSION

The original complaint alleges that on March 20, 2006, the law librarian denied Harrison access to the law library despite a looming appellate case. (D.I. 1, ex.) The original access to the courts claim was dismissed and later reinstated when Harrison alleged that O'Connor was the individual who violated her constitutional rights. (D.I. 16.) The second claim in the original complaint is that during the week of October 16 through the 20th (no year provided), Harrison was subjected to an illegal search by the defendant Coverdale. (D.I. 1, ex.) The incident occurred when Harrison, along with other inmates, was picking up trash on the highway, and Coverdale observed some inmates exchange something between them. (*Id.*) Harrison alleges that while on the highway,

3

in front of houses, and with traffic coming and going, Coverdale required her to pull down her pants and raise up her shirt, exposing herself to the public. (*Id.*) Harrison filed a grievance on the matter on February 20, 2006. (*Id.*)

### A. Failure to Exhaust Administrative Remedies

Coverdale and O'Connor argue that Harrison failed to exhaust her administrative remedies as is required under 42 U.S.C. § 1997e(a) and, therefore, the entire complaint must be dismissed. (D.I. 41 at 3.) The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Under § 1997e(a) "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill v. Gillis*, 372 F.3d 218, 227-28 (3d. Cir. 2004); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d. Cir. 2000); *but see Freeman v. Snyder*, No. 98-636-GMS, 2001 U.S. Dist. LEXIS 16634, 2001 Westlaw 515258 at \*7 (D. Del. Apr. 10, 2001) (finding that if no administrative remedy is available, the exhaustion requirement need not be met). However, if prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002).

The defendants argue that Harrison cannot show that she exhausted available administrative remedies with respect to the alleged breaches of her right to access the courts and her right to be free from unreasonable searches. (D.I. 41 at 3.) Harrison asserts that she did file a grievance and also made a verbal request to O'Connor, but that states that her grievances were ignored. (D.I. 42 at 2, 5.) No other documents regarding resolution of the grievance were submitted to the court. While the court is not entirely convinced that Harrison's attempts at administrative remedy were necessarily thwarted by prison officials such that no further remedies were available to be exhausted, the burden to prove exhaustion is on the defense. *See, e.g., Freeman,* 2001 WL 515258 at *19. Construing the complaint in the light most favorable to Harrison, the court cannot fully discern whether Harrison exhausted her administrative remedies. Thus, the court cannot find at this juncture that Harrison exhausted the administrative remedies available to her. Accordingly, the court will deny the defendants' motion to dismiss on the issue of failure to exhaust administrative remedies.

## B.    Unreasonable Search

Searches of prisoners must be reasonable within the meaning of the Fourth Amendment. *See, e.g., Bell v. Wolfish,* 441 U.S. 520 (1979). In evaluating the reasonableness of the search under the Fourth Amendment, the Court employs a "balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* at 559.

Harrison argues that Coverdale subjected her to an unreasonable search by forcing her to expose herself on the side of a busy highway. (D.I. 42 at 3.) Coverdale disputes both that the search took place in public view and that Harrison was forced to expose herself. (D.I. 41 at 7.) The parties

thus give differing accounts of how the search was conducted, and these accounts bring material facts into dispute. The court would have to make credibility determinations regarding the parties' allegations and defenses before it could apply the law governing the reasonableness of the search under the Fourth Amendment. Because there is a genuine issue of a material fact as to whether the search was reasonable, the court will deny defendant's motion for summary judgment.

### C.    Plaintiff's Right of Access to the Courts

While the Constitution guarantees prisoners access to an adequate law library, *see Bounds v. Smith,* 430 U.S. 817, 821 (1977), that access is not unqualified. Courts have recognized that "prison officials of necessity must regulate the time, manner, and place in which library facilities are used." *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). The key is that "such access cannot become so attenuated as to become meaningless." *Cepulonis v. Fair*, 732 F.2d 1, 4 (1st Cir. 1984).

Harrison asserts that her access to the law library materials available to her is meaningless because the law library does not contain certain cases. (D.I. 41 at 4-5.) The court finds that Harrison has failed to allege facts that would demonstrate any actual injury stemming from her lack of access to the proper case law. For example, she has identified no examples of prejudice she suffered as a result of her lack of access to the law texts, and her ability to proceed in this lawsuit or to file new claims does not appear to be impeded. Thus, Harrison has failed to show that the defendants unconstitutionally abridged their right of access to the courts. Nonetheless, given Ms. Harrison's status as a *pro se* plaintiff, the court will grant Harrison leave to amend her complaint stating any specific harm that she suffered as a result of her inability to access case law and other legal materials at the law library. Ms. Harrison must file an amended complaint to this effect within 30 days of the

date of the Order accompanying this Memorandum.

### D.      Immunity to Suit

Defendants argue that they are not liable as government officials acting in their official capacities. (D.I. 41 at 8-10.)  When the qualified immunity defense is raised in a summary judgment motion in a § 1983 action, the plaintiff has the burden of showing both that each defendant's actions violated a constitutional right, and that the right was clearly established at the time of the conduct. *Murphy v. Gardner,* 413 F. Supp. 2d 1156, (D. Colo. 2006). At this time, the assertion of qualified immunity is premature both because the plaintiff is being given leave to amend her complaint to correct for pleading deficiencies and because there are material facts in dispute with respect to the defendants' conduct in this case.  Consequently, the court will deny without prejudice the defendants' assertion of qualified immunity.

## IV.     CONCLUSION

For the foregoing reasons, the court concludes that the defendants have failed to meet their burden of establishing that Harrison failed to exhaust administrative remedies that were available to her within the meaning of the PLRA.  The court also holds that the two remaining claims of Harrison's complaint should not be dismissed on summary judgment at this time.  Thus, the defendants' motion will be denied, and the court will grant leave for plaintiff to further amend the complaint within 30 days to include allegations regarding injuries she suffered as a result of her inability to access materials through the law library.

Dated: October ____, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA LISA HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-201-GMS |
| | ) | |
| CPL. COVERDALE and | ) | |
| GEORGE O'CONNOR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.    The defendants' motion to dismiss (D.I. 40) is DENIED.

2.    The plaintiff must file an amended complaint within 30 days stating any specific

harm that she suffered as a result of her inability to access case law and other legal

materials at the law library.

Dated: October 2, 2009

CHIEF UNITED STATES DISTRICT JUDGE

8